Pkakson, C. J.
 

 An objection presents itself
 
 in
 
 limine,
 
 *119
 
 which is fatal to the plaintiff’s case. There is no evidence that Delamotte ever had a deed, br in any manner el-aimed to derive title under Noll. So, there is nothing to show that he held or' claimed according to the boundaries of the grant to Noll, or to connect his title with the marked, trees around that grant. He may have claimed np to some- line, including a fourth or a half, or any indefinite part of the land covered by the Noll grant, or his claim may have extended outside of that grant to any other lines or boundaries. In other words, there is no evidence to fix the boundaries according to which Delamotte claimed.
 

 The fact that, in 1799, a grant issued to one James Noll, for 300 acres of land, and that there were marked trees all around it, and that in 1834, Delamotte put one Ferrill in possession of a piece of land inside of these marked trees, and Ferrill lived there as Delamotte’s tenant for more than five years and cleared, a few acres of land, is no evidence of the allegation that Delamotte held and claimed according to the lines which had been marked for the grant to Noll, in the absence of any proof whatever to connect his title with the grant, or to show that he had ever seen or heard of it, or knew any thing about the marked trees around it.
 

 The evidence-does not bring the plaintiff’s case within the pro-visions of the statutes relied on, chapter 68, section 12, Acts of 1850, which is in these words “ Peaceable possession of land, although no color of title be shown, for five years, shall
 
 be prima facie
 
 evidence of title, where persons may
 
 hold or claim
 
 under known and visible metes and bounds. There is no evidence that Delamotte did hold or claim under known and visible metes or bounds, and there is nothing to show the extent of his claim. There is no error.
 

 Pun Cueiám, Judgment affirmed.